| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY | CLOSED |

JONATHAN COLON,

      Plaintiff

      v.

DET. RAY GALAN AND DET. JAMES ARNOLD,
      Defendants.

Civ. No. 04-5827 (JAP)

**OPINION**

APPEARANCES

Jonathan Colon, *Pro se*
90 Spruce Street
Apartment #2
Paterson, NJ 07501
(973) 851-0075

William C. Saracino
Ricci, Fava & Saracino, LLC
500 Union Boulevard
Totawa, NJ 07512
(973) 741-1800
    Attorney for Det. Ray Galan

Carmen E. Cortes-Sykes
Goodman, Galluccio & Chessin
337 Park Avenue
P.O. Box 2037
Paterson, NJ 07509
(973) 742-1077
    Attorney for Det. James Arnold


PISANO, District Judge.

    Currently before the Court is a motion to dismiss filed by Defendant Detective James

Arnold ("Arnold"), in which Defendant Detective Ray Galan ("Galan") joins.  While Defendants do not state the rule on which they rely, a review of Defendants' motion indicates that they are seeking dismissal for failure to prosecute under Fed. R. Civ. P. 41(b).  The Court has jurisdiction under 28 U.S.C. § 1331.  For the reasons discussed below, the Court grants Defendants' motion to dismiss Plaintiff's Complaint.

## I.  BACKGROUND

Plaintiff, Jonathan Colon, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in this Court against Defendants on November 24, 2004.  Plaintiff claims that he was wrongfully shot by Defendants.  On February 17, 2005, the Court issued an order granting Plaintiff's application to proceed *in forma pauperis* and allowing Plaintiff's claims against Defendants to proceed.

Defendants brought the instant motion to dismiss on July 28, 2006.  Defendants allege that Plaintiff has not provided anything by way of discovery to further his complaint, and that Plaintiff has disregarded Defendants' attempt to gather information in accordance with the rules of court.  Specifically, Defendants allege that Plaintiff failed to answer interrogatories and to give testimony at a deposition.

## II.  DISCUSSION

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or of any order of court . . ."  Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action.  *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3d Cir. 2003); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).   Failure to prosecute does not require that a party take affirmative

steps to delay the case.  Rather, a failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.  *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-41 (1976).

In *Poulis v. State Farm Fire and Casualty Co.* 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit listed several factors that a district court must consider and balance before dismissing a complaint: 1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense.  While all of the *Poulis* factors must be considered, they do not all need to be met for a district court to find dismissal is warranted.  *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Having considered the factors listed above, the Court finds that Plaintiff's failure to prosecute his case and engage in discovery warrants dismissal of this case under Fed. R. Civ. P. 41(b).  First, as Plaintiff is a *pro se* litigant, he must bear sole responsibility for his failure to provide discovery.  Furthermore, the Court finds that there is a history of dilatoriness.  Defendants never received answers to their interrogatories propounded on Plaintiff on January 20, 2006.  (Certification of Carmen Cortes-Sykes at ¶ 4.)  Additionally, on April 26, 2006, Magistrate Judge Arleo conducted a discovery/status conference, and directed that all discovery was due by June 30, 2006.  (Id. at ¶ 5.)  Judge Arleo also directed Plaintiff to appear for depositions in the Judge's jury room on May 24, 2006.  (Id.)  Defendants made arrangements to proceed with the deposition,

but received a call from a family member of Plaintiff explaining that Plaintiff had been arrested and therefore could not appear at the deposition. (Id. at ¶ 6.)   Thereafter, Judge Arleo executed an Order on 6/9/06 that Plaintiff was to be deposed in the Passaic County Jail. (Id. at ¶ 7.)   Counsel for Defendants and the court reporter appeared on July 12, 2006, but the deposition could not proceed since the Spanish Interpreter ordered by Defendant Galan's attorney's office inadvertently did not diary the date.[1]  (Id.)   Thus, the parties made arrangements to proceed with Plaintiff's deposition on July 19, 2006. ( Id.)   However, when Defendants' counsel returned to take Plaintiff's deposition, Plaintiff refused to give testimony, advising that his attorney had instructed him not to proceed.  (Id. at ¶ 8.)   Inquiry was later made of the attorney identified by Plaintiff, who advised that he did not represent Plaintiff in the within civil case and represented him regarding a criminal matter.  (Id. at ¶ 9.)   The above circumstances exhibit a history of dilatoriness. Additionally, the Court notes that Plaintiff has not responded to the instant Motion to Dismiss.

Moreover, the Court finds that alternative sanctions will not likely be effective, and that the Plaintiff's inaction in prosecuting his case and engaging in discovery has prejudiced Defendants.  The inability during the allotted discovery period to obtain even basic information from a plaintiff regarding his claim is clearly prejudicial.  *Adams*, 29 F.3d at 874 (explaining that prejudice encompasses deprivation of information from non-cooperation with discovery as well as the need to expend resources to compel discovery).   The inclusion of the other *Poulis* factors – whether the conduct of the party was willful or in bad faith, and the meritoriousness of the claim or defense – are neutral, and do not change the Court's conclusion that the balance of the *Poulis*

---

[1] The Court recognizes that it was not the fault of Plaintiff that the deposition did not take place on July 12, 2006.

factors supports the Court's dismissal of Plaintiff's action against Defendants.

## III. CONCLUSION

       Based on the foregoing, Plaintiff's Complaint is dismissed without prejudice and this case is closed.  An appropriate order accompanies this opinion.

Dated: September 27, 2006                         /s/ Joel A. Pisano
                                                                             JOEL A. PISANO, U.S.D.J.